FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUL 20 2021

TAMMY H. DOWNS, CLERK
By: _____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**TALESA MILLER**                                                    **PLAINTIFF**

v.                      Case No. 4:21-cv-00644-BRW

**FEDERAL EXPRESS CORPORATION**                          **DEFENDANT**

### ORIGINAL COMPLAINT

COMES NOW Plaintiff TaLesa Miller, by and through her attorney Chris Burks of WH LAW, for her Complaint against Federal Express Corporation, does hereby state and allege as follows:

### I. INTRODUCTION

1.  This is an action for wages owed. Defendant Federal Express Corporation is a package delivery company with its corporate headquarters in Memphis, Tennessee, and facilities located throughout the United States, including Arkansas.

2.  Plaintiff worked for Defendant at its Fed Ex Express facility in Memphis, TN, as a materials handler from January, 2021 to present. Plaintiff was consistently paid for fewer hours per week than she actually worked, and has not been paid at all for at least three weeks of employment.

3.  Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the Arkansas Minimum Wage Act, Ark. Code Ann. §11-4-201, *et seq.* ("AMWA") for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including a reasonable attorney's fee, as a result of Defendants' failure to pay Plaintiff minimum wages as required by the FLSA and AMWA.

This case assigned to District Judge WILSON
and to Magistrate Judge HARRIS

4. Defendant's policies violate the FLSA because Plaintiff was not compensated at a minimum of $7.25 per hour.

5. Defendant's policies violate the AMWA because Plaintiff was not compensated at a minimum of $11.00 per hour.

6. Plaintiff seeks a declaratory judgment; monetary damages; liquidated damages; prejudgment interest; and costs, including reasonable attorneys' fees, within the applicable statutory limitations period as a result of Defendants' failure to pay minimum wages under the FLSA and the AMWA.

7. Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendant has willfully and intentionally committed violations of the FLSA and AMWA as described, *infra*.

## II. JURISDICTION AND VENUE

8. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

9. The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

10. Plaintiff is a resident of Pulaski County, Arkansas, Arkansas and the claims under the AMWA form part of the same case or controversy and arise out of the same facts as the FLSA claims alleged in this Complaint.

11. Therefore, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

12. The acts complained of herein were committed and had their principal effect within the Eastern Division of the Eastern District of Arkansas. Accordingly, venue is proper within this District pursuant to 28 U.S.C. § 1391.

13. Defendant does business in this District.

### III. THE PARTIES

14. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

15. Plaintiff is a citizen and resident of Arkansas.

16. Plaintiff TaLesa Miller worked for Defendant as an hourly employee at times during the three years preceding the filing of this Complaint.

17. At all times material hereto, Plaintiff has been entitled to the rights, protection and benefits provided under the FLSA and AMWA.

18. Defendant is a foreign for-profit corporation.

19. Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of exercise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Complaint.

20. During each of the three years preceding the filing of this Complaint, Defendant employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce by any person.

21. Defendant's registered agent for service of process is CT Corporation System, 124 West Capitol Avenue, Suite 1900, Little Rock, AR 72201.

22. Defendant Federal Express Corporation is an "employer" within the meanings set forth in the FLSA, 29 U.S.C. § 203(d), and the Arkansas Minimum Wage Act, A.C.A. § 11-4-203, and was, at all times relevant to the allegations in this Complaint, the Plaintiff's employer

## IV. FACTUAL ALLEGATIONS

23. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

24. Plaintiff was employed by Defendant as a materials handler at the Defendant's Memphis facility during the time period relevant to this lawsuit.

25. Plaintiff was classified as an hourly, non-exempt employee of the Defendant.

26. Defendant failed to pay Plaintiff at all for at least three weeks of her employment during the relevant time.

27. Plaintiff was entitled to wages and compensation based on the standard minimum wage for all hours worked.

28. Defendant knew, or showed reckless disregard for, whether the way they paid Plaintiff violated the FLSA and AMWA.

## V. FIRST CLAIM FOR RELIEF
### (Individual Claim for Violation of the FLSA)

29. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

30. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay time and a half of regular wages for all hours worked over forty (40) hours in a week, unless an employee

meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

31. At all relevant times, Plaintiff has been entitled to the rights, protection, and benefits provided by the FLSA.

32. At all relevant times, Plaintiff has been an "employee" of the Defendant as defined by 29 U.S.C. § 203(e).

33. At all relevant times, Defendant was an "employer" of Plaintiff as defined by 29 U.S.C. § 203(d).

34. Defendant failed to pay Plaintiff the minimum wages required under the FLSA.

35. At all relevant times, Defendant willfully failed and refused to compensate Plaintiff for all hours worked at the minimum wage under the FLSA because Defendant failed to pay Plaintiff for the last three weeks of her employment.

36. Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary, and in bad faith.

37. Defendant's violations entitle Plaintiff to compensatory damages calculated as the full amount of wages owed at the applicable minimum wage, less the amount of wages actually received.

38. Defendant's violations entitle Plaintiff to liquidated damages pursuant to 29 U.S.C. § 216(b) of an amount equal to compensatory damages.

39. Plaintiff is entitled to an award of her attorney's fees and court costs pursuant to 29 U.S.C. § 216(b).

40. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VI.    SECOND CLAIM FOR RELIEF
### (Individual Claim for Violation of AMWA)

44. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

45. At all relevant times, Plaintiff has been entitled to the rights, protection, and benefits provided by the AMWA.

46. At all relevant times, Plaintiff has been an "employee" of Defendant, as defined by Ark. Code Ann. § 11-4-203(3).

47. At all relevant times, Defendant was an "employer" of Plaintiff as defined by Ark. Code Ann. § 11-4-203(4).

48. Defendant failed to pay Plaintiff the minimum wages required under the AMWA for non-tipped work.

49. Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

50. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the AMWA for all violations which occurred beginning at least three (3) years preceding the filing of this Complaint, plus periods of equitable tolling.

51. Defendant has not acted in good faith nor with reasonable grounds to believe their actions and omissions were not a violation of the AMWA, and, as a result thereof, Plaintiff is

entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wages described above pursuant to Ark. Code Ann. § 11-4-218.

52. Alternatively, should the Court find that the Defendant acted in good faith in failing to pay Plaintiff as provided by the AMWA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VII.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff TaLesa Miller respectfully requests this Court grant the following relief:

(A) That the Defendant be summoned to appear and answer herein;

(B) That the Defendant be required to account to Plaintiff and the Court for all of the hours worked by Plaintiff and all monies paid to her;

(C) A declaratory judgment that Defendant's practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.;*

(D) A declaratory judgment that Defendant's practices alleged herein violate the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* and the related regulations;

(E) Judgment for damages for all unpaid back wages at the applicable minimum wage owed to Plaintiff from a period of three (3) years prior to this lawsuit through the date of trial under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.;*

(F) Judgment for damages for all unpaid back wages at the applicable minimum wage owed to Plaintiff from a period of three (3) years prior to the date of filing under the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* and the related regulations;

(G) Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*, in an amount equal to all unpaid back wages at the applicable minimum wage from a period of three (3) years prior to this lawsuit through the date of trial owed to Plaintiff;

(H) Judgment for liquidated damages pursuant to the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.*, and the relating regulations;

(I) An order directing Defendant to pay Plaintiff pre-judgment interest, reasonable attorney's fees and all costs connected with this action; and

(J) Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**TaLesa Miller, PLAINTIFF**

WH Law | We Help
1 Riverfront Pl. – Suite 745
North Little Rock, AR 72114
(501) 891-6000

By: *Chris Burks*
Chris Burks (ABN: 2010207)
chris@wh.law